## No. 13,820.

### SUCCESSION OF A. L. HASLING.

#### SYLLABUS.

Where a plaintiff in rule contemplates appealing from an adverse judgment, based upon an exception, or special defense, which has not been reduced to writing and is not specifically referred to in the judgment, the *onus* is upon him to take such steps as may be necessary to present his appeal intelligibly, and if, from the transcript, it is impossible for this court, by reasonable inference or otherwise, to determine what exception, or what special defense, was sustained by the judgment appealed from, the appeal will be dimissed.

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

---

*Theodore Cotonio,* for Administrator, Plaintiff in rule, Appellant.

---

*Harry H. Hall,* for Francis Martin, Defendant in rule, Appellee.

---

The opinion of the court was delivered by

MONROE, J. It appears, from such evidence as we find in the record in this case, that the decedent died in New Orleans in 1895; that, at

the time of his death, he was in possession, as owner, of certain real estate, improvements and furniture, at Biloxi, in the State of Mississippi, and was engaged in a lawsuit concerning the title to said real estate and improvements; that, after his death, an instrument, purporting to be his last will, was filed in the probate court of Harrison County, Mississippi, and that, thereunder, Francis Martin was put in possession of said property, as instituted heir, and was substituted for the decedent, as plaintiff, in said lawsuit; that said Martin insured said improvements and furniture in the Palatine Insurance Company, Limited, of Manchester, England, in the name of the estate of A. L. Hasling, and paid the premium thereon, and has renewed said insurance and paid the renewal premium from year to year since then; that, in 1899, Lawrence Andrew Hasling, a son of the decedent, opened the succession of his father, as an intestate succession, in the city of New Orleans, and caused himself to be appointed administrator, and that he then filed suit in New Orleans, individually and as administrator, against said Martin, attacking certain transfers of real estate in this city, said to have been made by his father to said Martin, and also attacking the alleged will and praying, for reasons set forth in the petition, that said transfers and will be decreed null and void. And that, thereafter, he took a rule, in the succession, as thus opened in New Orleans, alleging that property in Biloxi, Mississippi, belonging to the estate had been destroyed by fire, upon November 9th, 1900, that said property was insured under policies which are in the possession of said Martin, and that mover, alone, is authorized to make proofs of loss and collect said insurance, and praying that said Martin be required to surrender said policies. Upon the trial of this rule, the policies in question appear to have been produced in answer to a *subpoena duces tecum,* issued at the instance of the mover, and, though not specially offered in evidence by either side, we find an agreement to the effect that they were to come up in the original, or that copies would be furnished; but, neither the originals nor the copies are in the record. We find, also, the following: "By Mr. Cotonio—Counsel for plaintiff in rule now offers, solely for the purpose of showing that the original pretended will is on file in the clerk's office in the court of Mississippi, in Harrison County, a copy of said alleged will."

"By Mr. Hall—Assuming that it is properly certified, there is no objection to it, but, if not properly certified, it will be objected to."

By the court—"And in that event the oportunity will be given to have it authenticated."

We infer from this that the copy offered was to be produced, but we find no such copy in the record.

There was also offered upon the trial of the rule a correspondence between the counsel for the mover and the counsel for the defendant, from which it appears that the latter, on behalf of his client, offered to turn over the policies in question to the former, and, in fact, did so, upon condition that the proceeds, when collected, should be specially deposited subject to their joint order, but the condition was declined and the policies were returned. The counsel for the defendant in rule then offered to turn them over provided the plaintiff in rule would sign an instrument containing the following stipulation, to-wit: "I receive these policies for collection, and with the distinct agreement and obligation on my part that I will hold said proceeds subject to the claim of Francis Martin, who asserts that, as the instituted heir, and donee, of the late A. L. Hasling, he is entitled to the same; and subject, further, to the distinct-understanding and obligation on my part that should the courts decide that he is entitled to this fund, the same shall pass to him free from any charges for the administration, costs, or attorney's fees, whatsoever." This proposition was also declined, and the rule followed. The defendant in rule also offered what purports to be a copy of a judgment of the Chancery Court of Harrison County, Mississippi, rendered in February, 1899, in favor of Martin, as the substituted plaintiff in the law suit heretofore mentioned, quieting and confirming his title to the property in question. This offer was objected to, on the ground that the instrument was not properly certified, according to the Act of Congress providing for the exemplification of records to be used in other States; and the objection was sustained, with leave to the counsel making the offer to obtain the necessary certificate. But he neglected to do this.

The judge a quo, afterwards, rendered the following judgment on the rule, to-wit: " * * * considering the exception urged by the defendant in rule, it is ordered, for the reasons orally assigned by this court, that said exception be sustained, and the rule dismissed at mover's costs." And from the judgment so rendered, the plaintiff in rule has appealed. The transcript which he has lodged in this court does not, however, inform us of the nature of the exception which was thus sustained.

### Opinion.

The exception which the judge *a quo* sustained may have been addressed to the form of the proceedings, or it may have been an exception of no cause of action, or it may have been in the nature of a plea of prescription, or it may have been something else. In other words, what the judgment of the lower court that we are asked to review was, is left, by the record, a matter of pure conjecture, which the arguments of the counsel do not elucidate. Counsel for the appellant, after quoting in his brief the language of the judgment from which he has appealed, says: "Now the defendant in rule never filed any exceptions, none appear in the transcript, and we cannot understand what are the exceptions referred to by the lower court in its judgment."

Counsel for defendant present an argument from which it might be inferred that the judgment in question was based upon either of several exceptions, urged, if not filed.

As against the statement of the appellant's counsel, that "the defendant in rule never *filed* any exceptions," we are constrained to accept the judgment appealed from, whereby "the exception urged by the defendant in rule" was sustained. It may be, and doubtless is, true, that no exceptions were *filed*. According, however, to the practice, which prevails very generally in the District Courts, defendants in rule may urge exceptions and defenses without *filing* them. So that, for appellant's counsel to say that he does not know "what are the exceptions referred to by the lower court in its judgment" is merely to place himself in the position in which he places us by bringing up the case in the way in which he has done, and by no means indicates that no exceptions were *urged*. But, if he does not know what the judgment of the lower court was, how can he expect this court to be possessed of that information. And how can he expect such judgment to be reviewed on appeal. He, at least, knew, before allowing the judgment to become final that it purported to maintain an exception, and it was entirely within his power to have moved for a new trial, calling the attention of the judge *a quo* to the condition which the record would present on appeal, and in that way, or by means of a bill of exceptions, to have brought up something of which it would have been possible for this court to take hold. We have had occasion to hold recently that, whilst a rule may be tried without written pleadings, so far as the defendant is concerned, it is nevertheless incumbent upon the parties appealing from the judgment therein to bring up a transcript which will enable

this court, by reasonable inference, or otherwise, to understand the judgment which it is called upon to review; and that, where the defendant has chosen to file a written answer or return, and the judgment appears to have been predicated thereon, we do not feel at liberty, when the case comes to this court, to deal with it upon the basis of other defenses, not included in such return, but which appear to have been considered or passed on by the court a qua. DeGrilleau et als. vs. Boehm (not yet final.) Where a defendant in rulé makes no written return, and there is judgment against him, in general terms, it may be assumed, for the purposes of the appeal, that he urged all the defenses which, under the general rules of pleading, are not required to be specially urged. But if he expects, upon the appeal, to rely upon a special defense, he must have it to appear upon the record. Or, if, being the plaintiff in rule, he contemplates appealing from an adverse judgment, based upon an exception, or special defense, set up by his adversary, but not appearing in the judgment, the onus is upon him to take such steps as may be necessary to present his appeal intelligibly. And this he may do, either by requiring that such exception, or special defense, be reduced to writing, and excepting to the refusal of the trial judge to so order, or, by motion for new trial and exception, where the judgment is not self-explanatory. Upon the case, as presented, we are of opinion that the appeal must be dismissed, and it is so ordered.

Rehearing refused.